Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6815 (89 CR 906-1) | **DATE** | 12/5/2000 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. SA MEI CHEN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Sa Mei Chen's motion to vacate sentence pursuant to §2255 is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 11 2000 date docketed | 5 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC -8 PM 6:48 | 12/5/2000 date mailed notice | |
| SB courtroom deputy's initials | | Date/time received in central Clerk's Office | jad mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | No. 00 CV 6815 (00 CR 906-2) |
| v. | Suzanne B. Conlon, Judge |
| SA MEI CHEN, Defendant. | |

## MEMORANDUM OPINION AND ORDER

**I      Background**

On January 23, 1990, Sa Mei Chen was charged, along with three co-defendants, with conspiring to possess 44.8 kilograms of heroin with the intent to distribute, in violation of 21 U.S.C. § 846, and 18 U.S.C. § 2, and traveling in interstate commerce with the intent to promote or carry on unlawful activity, and performing acts to promote and carry on the activity, in violation of 18 U.S.C. § 1952. *United States v. Leung*, 929 F.3d 1204, 1207 (7th Cir. 1991). Chen's role in the conspiracy was to travel from New York to Chicago to pay a courier for the heroin, and then to transport the heroin back to New York. *Id.* at 1206. Chen met the courier in a Chicago hotel room, but unbeknownst to Chen, the courier was an undercover Drug Enforcement Administration agent. *Id.* After paying the agent $10,000, the agent attempted to apprehend Chen. *Id.* Chen jumped out of the hotel room's window to try to evade capture, but was eventually caught and arrested. *Id.*

On March 9, 1990, on the first day of trial and after opening statements, Chen pled guilty to both counts of the indictment. On June 6, 1990, this court sentenced him to 188 months imprisonment

and five years supervised release. In addition, as a condition of supervised release, Chen was ordered not to re-enter the United States illegally.

Chen asserts in his motion that he did not appeal from the judgment of conviction. § 2255 Motion, 2, 4. However, Chen did appeal his conviction to the Seventh Circuit, arguing illegal search and seizure. *Leung*, 929 F.2d at 1207.[1] Chen's sentence was affirmed. *Id.* at 1209.

Chen has spent over eleven years in prison. He has learned to speak English. He has received a GED diploma. He has developed vocational skills. He has never received a disciplinary infraction. Chen moves under 28 U.S.C. § 2255 to correct his sentence, arguing his "extraordinary post-offense rehabilitation" justifies a downward departure under the Sentencing Guidelines. Chen also argues his status as a Chinese citizen will result in a longer effective sentence than would be experienced by a similarly-situated United States citizen, also justifying a downward departure. Further, he argues his trial counsel was ineffective because he failed to argue for a downward departure at sentencing on this basis.

## II Issues

1. Is Chen's post-offense rehabilitation a cognizable ground for a downward departure and modification of his sentence under § 2255?

2(a). Is Chen's motion for a downward departure because he will receive a longer sentence than a United States citizen timely?

(b) If the motion is timely, has the argument been procedurally defaulted?

(c) If the argument has not been procedurally defaulted, does it have merit?

---

[1] The government asserts Chen also argued the Sentencing Guidelines deprived him of due process and this court should not have sentenced him to the high end of the Guidelines range, but the *Leung* opinion mentions nothing of these arguments. The government did not provide a copy of Chen's appellate brief.

## III  Discussion

### 1.  Post-offense rehabilitation

Chen's claim that this court may reduce his sentence pursuant to § 2255 lacks merit. Chen is entitled to relief only if his sentencing was infected with an error of fact or law of fundamental character that rendered "the entire proceeding irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979). Chen has not alleged any error that approaches this standard.

Chen alleges his "extraordinary post-conviction rehabilitation" justifies this court's downward departure of his sentence under § 2255. The *Addonizio* decision implicitly rejects this argument. In that case, the defendants argued the trial judge sentenced them to 10 years expecting they would only serve one-third of the sentence. Subsequent changes in parole guidelines resulted in the service of a longer proportion of their sentences. The Court ruled,

> To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts. Nothing in § 2255 supports – let alone mandates – such a frustration of congressional intent ... The facts alleged by the prisoners in these cases do not provide a basis for collateral attack on their respective sentences pursuant to § 2255.

*Id.* at 190. This language, though not directly on point, supports the proposition there is no basis for a prisoner to move for a reduction in sentence pursuant to § 2255.

Moreover, post-offense rehabilitation does not justify relief under § 2255. *See United States v. Rudolph*, 190 F.3d 720, 727 (6th Cir. 1999) ("[P]ost-sentence rehabilitation [does not] provide a basis for relief under § 2255, because such rehabilitation does not constitute ground for collateral attack on a defendant's sentence"); *United States v. Brown*, 1991 WL 268653 at *1 (N.D.Ill. 1991) (Rehabilitation is not grounds for relief under § 2255).

3

The cases Chen cites do not support the proposition that this court may reduce his sentence based on post-offense rehabilitation. In *United States v. Green*, 152 F.3d 1202, 1207-09 (9th Cir. 1998), the district court departed downward upon *resentencing* the defendant due to defendant's extraordinary efforts at rehabilitation. This, of course, is within the trial court's discretion at resentencing, but does not support Chen's argument this court may reduce a previously imposed sentence under § 2255. In *United States v. Rhodes*, 145 F.3d 1375, 1381 (D.C.Cir. 1998), the district court took post-conviction rehabilitation into consideration only with respect to sentencing, not pursuant to a § 2255 motion. Finally, in *United States v. Hasan*, 41 F.Supp.2d 1004, 1018 (D.Neb. 1999), the court did not grant a downward departure based on extraordinary rehabilitation on a § 2255 motion. Rather, the court *denied* the § 2255 motion, but granted a motion under 18 U.S.C. § 3582(c)(2) on the grounds the Sentencing Commission had lowered the guideline range subsequent to sentencing. In its resentencing decision, the judge took into account post-sentence rehabilitation.

In sum, § 2255 provides no means for this court to effect the downward departure requested by Chen, and his motion must be denied.

### 2. Departure due to deportable alien status

#### (a) Timeliness

Chen requests a downward departure because he claims his Chinese citizenship will result in a longer effective sentence than a similarly-situated United States citizen would receive. This claim is untimely. Chen failed to raise this claim within the one-year statute of limitations for § 2255 motions provided in the Antiterrorism and Effective Death Penalty Act, and it is thus barred.

Chen's only excuse for failure to timely raise his claim is his "lack of skill with either the law or the English language rendered him unable to determine that such a departure even existed at the time

4

of his sentencing or within one-year of the issuance of *Farouil* [the case which Chen cites as allowing a downward departure based on defendant's status as a deportable alien]." § 2255 motion, 12. This is not a reason for statutory tolling of the AEDPA statute of limitations, which may only occur during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Nor does it even come close to the standard required for equitable tolling, where "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. May 15, 2000). Chen has not alleged circumstances that would toll the AEDPA statute of limitations.

### (b) Procedural default

Further, Chen has procedurally defaulted this claim by failing to raise it on direct appeal. One may not raise a claim in a § 2255 motion that should have been raised on direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Procedural default may be excused if the defendant shows cause. Chen argues he received ineffective assistance of counsel at trial. "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish a claim for ineffective assistance of counsel, Chen must show: (1) counsel's performance was constitutionally deficient; and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Chen argues his trial counsel's failure to raise the issue of downward departure based upon his Chinese citizenship fell below the objective standard of reasonableness required of an attorney and he was prejudiced by this failure of trial counsel.

Chen does not discuss the issue of deficiency beyond the conclusory assertion that counsel failed to raise the issue of a downward departure based on foreign citizenship. This allegation is simply not enough to establish Chen's trial counsel was deficient. First, there was no case law present to support Chen's argument at the time of his sentencing. The Seventh Circuit first held a court could depart downward based on a defendant's status as a deportable alien as "an issue of first impression" on August 26, 1997, over seven years after Chen was sentenced. *United States v. Farouil*, 124 F.3d 838 (7th Cir. 1997). A lawyer's failure to raise an argument that is not recognized in case law until seven years later is not objectively deficient. The argument for downward departure is creative and is not contained in the Guidelines. The Court of Appeals first recognized the possibility of a departure on these grounds seven years after Chen was sentenced. Chen has failed to meet his burden of proving his trial counsel's performance fell below an objective standard of reasonableness.

Further, Chen has failed to show prejudice resulted from his counsel's alleged deficiency. To establish prejudice, Chen must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Chen has failed to meet this standard. He has simply alleged "Chen was accordingly prejudiced by [counsel's] deficiency." § 2255 motion, 15. Chen has failed to establish a reasonable probability that, if his counsel had raised the argument for downward departure, this court would have granted it. Indeed, the fact that the argument was not accepted in this circuit until 1997 makes it unlikely, and certainly not reasonably probable, that a downward departure motion would have been granted. Chen has presented no evidence that the outcome of his sentencing would have been different had his lawyer raised the argument for downward departure.

### (c) Merits

Even if Chen's argument were not untimely or procedurally defaulted, it lacks merit. A prisoner may collaterally attack a district court's application of the Guidelines only under extraordinary circumstances. *Kelly v. United States*, 29 F.3d 1107, 1111-14 (7th Cir. 1994); *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). Chen has failed to allege extraordinary circumstances. He has not shown in any way he has been treated unduly harshly or in a manner that differs from any other deportable alien in a similar position.

The facts of Chen's case are similar to those in *United States v. Restrepo*, 999 F.3d 640, 644-47 (2d Cir. 1993). There, the court held, even if the Bureau of Prisons had a steadfast policy to deny reassignment of deportable aliens to relaxed-security facilities, it would be an inappropriate basis for departure from the Guidelines. *Id.* at 645. The court reasoned not all prisoners are entitled to relaxed-security facilities and, more importantly, the purpose of this policy is to prepare prisoners for re-entry into American society. Aliens are deported upon release, rather then re-entering American society. *Id.* The court specifically rejected the same arguments proffered by Chen: (1) the unavailability of preferred conditions of confinement to deportable aliens; and (2) the potential of detention pending deportation beyond the defendant's term of imprisonment. *Id. Restrepo* held these reasons did not justify a downward departure.

## V    Conclusion

Chen has not established he is entitled to relief under § 2255. His claim for downward departure due to post-conviction rehabilitation is not cognizable under § 2255. His claim for downward departure due to his status as a deportable alien is untimely, procedurally defaulted, and without merit.

ENTER:

*Suzanne B. Conlon* (signature)
Suzanne B. Conlon
United States District Judge

December 5, 2000